# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS GARNICA-ROJO, A/K/A
CARLOS GARNICAROJO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67561



DEC 1 5 2016



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of lewdness with a child under the age of fourteen. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant first contends that the district court erred in admitting evidence of a domestic violence incident between appellant and his wife that led the victim to report the lewd acts. Because appellant concedes that he failed to object to the admission of this evidence, we review this issue for plain error. *Garner v. State*, 116 Nev. 770, 783, 6 P.3d 1013, 1022 (2000), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). The evidence admitted regarding the domestic violence incident included only a few minor references made by the victim during her videotaped police statement and one unclear statement made by the victim's father. Appellant has failed to demonstrate that these statements affected his substantial rights, and thus, there was no plain error in the admission of this evidence. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (explaining that the

16-38976

appellant has to show that the error affected his substantial rights under plain error review).

Second, appellant argues that the district court erred when the judge questioned a witness in such a way that implied disbelief concerning the witness's testimony. Because appellant also failed to object to the judge's question, we review this issue for plain error. *Garner*, 116 Nev. at 783, 6 P.3d at 1022. NRS 50.145(2) permits the judge to question a witness, and the judge here did not err when posing the question, and appellant is unable to establish that his substantial rights were violated because the record demonstrates that the judge asked the question to clarify the witness's testimony in response to a juror's question, and thus, the judge was not implying skepticism regarding the witness's testimony. *See Green*, 119 Nev. at 545, 80 P.3d at 95 (providing that the appellant has to show actual prejudice or a miscarriage of justice under plain error review). Moreover, appellant's citation to *U.S. v. Ottaviano*, 738 F.3d 586, 595-96 (3d Cir. 2013), is unavailing because in that case the judge's questioning was much more pervasive and entered the realm of cross-examination, whereas the judge's question here only sought clarification.

Lastly, appellant asserts that insufficient evidence was offered to support the charges because the victim had recanted her story. The victim's videotaped statement given to the police supported each count and it was the jury's province to determine the victim's credibility at trial compared to her credibility when she gave the police statement and her family's credibility in offering statements in support of her changed story. *See Clancy v. State*, 129 Nev., Adv. Op. 89, 313 P.3d 226, 231 (2013) ("This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact." (internal quotation

omitted). Thus, we conclude that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt.[1] *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012) ("When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:　Eighth Judicial District Court Dept. 20
　　Christopher R. Arabia
　　Attorney General/Carson City
　　Clark County District Attorney
　　Eighth District Court Clerk

---

[1]Because appellant has failed to demonstrate multiple errors, we conclude his argument for cumulative error lacks merit. *See Byford v. State*, 116 Nev. 215, 241-42, 994 P.2d 700, 717 (2000) (noting that multiple errors must be established to have the cumulative effect of violating a defendant's constitutional right to a fair trial).